UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJUAN BERNOUDY,<br><br>            Plaintiff,<br><br>       v.<br><br>ALAFA, et al.,<br><br>            Defendants. | No.  1:26-cv-01946-SAB (PC)<br><br>SECOND SCREENING ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 27) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 13, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names CDCR, Warden Horn, Captain A. Alafa, Lieutenant Haildad, Officer Chavez, Officer Figueroa, Officer Gonzalez, Officer Flores, Officer Castellon, Officer Rosales, and Officer Escobedo, as Defendants. This alleged incident at issue in the complaint took place at Kern Valley State Prison (KVSP).

On September 24, 2025, officers, as a unit, approached Plaintiff's cell and assaulted and battered him. Plaintiff tried to show them he had the right to refuse treatment on the table, but they didn't care. They attacked Plaintiff, sprayed him, took the shoes off his feet, and then dragged him to the building. The excessive force left Plaintiff hurt mentally, physically, and spiritually.

Then they falsified reports all together as a unit.  The reports do not reflect what happened in actuality but the cameras do.

### III.

### DISCUSSION

#### A.     Linkage

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, a plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Here, Plaintiff fails to link each individual Defendant officer to an affirmative act or omission in relation to his allegations regarding the alleged use of excessive force.  The first amended complaint, as with the original complaint, does not allege the specific acts taken by each Defendant which violated his rights. Instead, Plaintiff's allegations are generally leveled against Defendants "as a unit."  However, such claims are not cognizable because they do not satisfy the linkage requirement.

#### B.     CDCR as Defendant

Plaintiff names CDCR as a Defendant. Under the Eleventh Amendment, CDCR is immune from federal claims under section 1983. See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars

3

suits against the State or its agencies for all types of relief."); Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (the State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983); Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (a suit against CDCR is barred by the Eleventh Amendment.); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (a state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.). Additionally, only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).  Accordingly, Plaintiff fails to state a claim against CDCR.

### C.    Supervisory Liability

Plaintiff also names Warden Horn as a defendant. Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676–77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Under these legal standards, Plaintiff fails to state a claim for supervisory liability against Warden Horn. Plaintiff makes no allegation that the Warden was personally involved in the assault. Nor does Plaintiff allege that Warden Horn instituted a policy that caused the use of force, that he knew of the alleged violation but failed to prevent it, or that he failed to train or supervise subordinates in a way that led to the alleged violation.

///

**D.      Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Here, Plaintiff claims that on September 24, 2025, he was attacked, pepper sprayed, and restrained without proper steps according to the cell extraction protocol.  Plaintiff's conclusory allegations lack sufficient factual detail to give rise to a plausible claim for excessive force. Whitley, 475 U.S. at 327; see also Hudson, 503 U.S. at 9 (de minimis use of force generally does not implicate the Eighth Amendment.)  Based on the limited conclusory allegations, the Court cannot determine whether Plaintiff states a plausible claim for relief.  The factual allegations in

the complaint contain so little information about the events surrounding the alleged use of force that the Court cannot determine if Plaintiff's claim is cognizable or not.  Context is important in excessive force cases because, without such allegations, the Court cannot determine whether Defendant's use of force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting Hudson, 503 U.S. at 6).  Indeed, Plaintiff acknowledges that he had the right to "refuse treatment" which preceded the alleged use of force.  Thus, the lack of sufficient factual allegations regarding the circumstances surrounding the use of force against Plaintiff prevents a finding that Plaintiff has plausibly alleged the force used on him was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); LeMaire v. Maas, 12 F.3d 1444, 1458 (9th Cir. 1993) ("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates].").  In addition, as stated above, Plaintiff has also failed to link each of the named Defendants to an affirmative act or omission with regard to the alleged use of force.  Accordingly, Plaintiff fails to state a cognizable excessive force claim.  The Court will grant Plaintiff one final opportunity to amend the complaint if he believes he can do so in good faith.

### E.      False Allegations

"A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) (internal citations omitted); Harper v. Costa, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").  Accordingly, Plaintiff fails to state a cognizable

claim based on alleged false allegations.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3.    Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

7

IT IS SO ORDERED.

Dated:    **April 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge