UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJUAN BERNOUDY, | No. 1:26-cv-01946-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND APPOINTMENT OF COUNSEL |
| v. | |
| ALAFA, et al., | (ECF No. 29) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to recuse the undersigned and to appoint counsel in this case, filed April 24, 2026. Plaintiff's motion must be denied.

**I.**

**DISCUSSION**

**A.      Motion for Recusal**

Plaintiff requests recusal of the undersigned and argues he is exhibiting bias based on his personal opinion. (ECF No. 29.)

The procedural requirements for a motion to disqualify under 28 U.S.C. § 455 are different from those under 28 U.S.C. § 144. Brew v. Fehderau, No. 1:17-cv-00681-AWI-EPG-

1

PC, 2017 WL 4539265, at *1 (E.D. Cal. Oct. 11, 2017) (citing United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980)). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." Id. (quoting 28 U.S.C. § 455(a), (b)(1)). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Id. (citing Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting Bernard, 31F. 3d at 843 (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Id. (quoting Sibla, 624 F.2d at 868). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Id. (quoting United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008)). Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. (quoting 28 U.S.C. § 455(a)). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. (quoting § 455(b)).

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

2

A motion under section 144 is initially addressed to the judge whose impartiality is being questioned. Brew, 2017 WL 4539265, at *2 (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." Id. (quoting Sibla, 624 F.2d at 867). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case" and another judge is assigned to hear the proceeding. Id. (quoting Azhocar, 581 F.2d at 738). An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. (quoting Sibla, 624 F.2d at 868).

Nevertheless, "[t]he test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)." Id. (quoting Sibla, 624 F.2d at 867). In either case, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Hernandez, 109 F.3d at 1453 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994))). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. (quoting Liteky, 510 U.S. at 555). "In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." Id. (quoting Liteky, at 510 U.S. at 555.)

Plaintiff has failed to offer a sufficient affidavit specifically alleging facts to support the contention that the undersigned exhibits bias or prejudice towards him or his case. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source. A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Focus Media, Inc. v. NBC, 378 F.3d 916, 930 (9th Cir. 2004). Plaintiff's disagreement with the Court's screening order is not a legitimate ground for seeking disqualification of a judge, and his remedy is to file a second amended complaint.

///

3

**B.      Motion for Appointment of Counsel**

Plaintiff again requests appointment of counsel.  Plaintiff seeks appointment of counsel "to fill out the necessary paperwork or amended complaint and to gather the sufficient evidence." (ECF No. 29.)

As stated in the Court's March 20, 2026, screening order, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.' " Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Here, Plaintiff has so far demonstrated that he is capable of drafting the complaint and filing various motions in prosecuting this case without the assistance of counsel. Furthermore, at this stage, the Court is unable to assess Plaintiff's likelihood of success on the merits.  While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")  The Court does not find exceptional circumstances to necessitate the appointment of counsel and the motion for the appointment of counsel will be denied.

4

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for recusal and appointment of counsel is denied.

IT IS SO ORDERED.

Dated:  __**April 28, 2026**__

_____
STANLEY A. BOONE
United States Magistrate Judge