UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAJUAN BERNOUDY,

Plaintiff,

v.

ALAFA, et al.,

Defendants.

No. 1:26-cv-01946-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING OF CERTAIN CLAIMS AND DEFENDANT

(ECF No. 32)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed May 27, 2026

**I.**

**SCREENING ORDER**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On September 24, 2025, Plaintiff was the victim of excessive force when Captain Alafa and Lieutenant Hadda approached Plaintiff's cell and attacked him after they told him he would have to go to Salinas Valley State Prison. Captain Alafa put his hands on Plaintiff and beat him up. All of the other officers jumped in and joined Alafa "beat" him up. Plaintiff has evidence on the crime demonstrating that he was a victim.

Defendants did not follow proper protocol. Defendant punched and sprayed him with pepper spray. All of the officers falsified documents and lied in reports to make it seem like Plaintiff assaulted the officers.

## III.

## DISCUSSION

### A.      Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim for excessive force against Defendants Haddad, Alafa, Chavez, Figueroa, Gonzalez, Flores, Castellon, Rosales, and Escobedo.

///

**B.      Supervisory Liability**

Plaintiff names Warden Horn as a Defendant. Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676–77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Under these legal standards, Plaintiff fails to state a claim for supervisory liability against Warden Horn. Plaintiff makes no allegation that the Warden was personally involved in the assault. Plaintiff simply alleges that his "name was on some falsified documents."  However, as stated below, the mere falsification of documents does not give rise to a constitutional claim for relief.  Nor does Plaintiff allege that Warden Horn instituted a policy that caused the use of force, that he knew of the alleged violation but failed to prevent it, or that he failed to train or supervise subordinates in a way that led to the alleged violation.

**C.      False Documents**

To the extent Plaintiff alleges Defendants falsified and lied in documents to make it look like he was the aggressor, prisoners do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or

4

wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections ... are provided."). Accordingly, Plaintiff fails to state a cognizable due process claim and such claim should be dismissed.

### D.    California Department of Corrections (CDCR) as Defendant

Plaintiff names CDCR as a Defendant. Under the Eleventh Amendment, CDCR is immune from federal claims under section 1983. See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief."); Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (the State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983); Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (a suit against CDCR is barred by the Eleventh Amendment.); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (a state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.). Additionally, only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).  Accordingly, Plaintiff fails to state a claim against CDCR.

### E.    Violation of Prison Policy

To the extent plaintiff attempts to state a claim against Defendants for violating prison policy, he fails to state a claim.  To state a claim under 42 U.S.C. § 1983 Plaintiff must allege that defendants violated his federal rights, not state regulations such as prison policies. The violation of prison policies or state regulations does not necessarily violate the federal constitution.

### F.    Further Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, a district court may deny leave to amend for "repeated failure to

cure deficiencies by amendments previously allowed[.]" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008); see also In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097–98 (9th Cir. 2002) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations and citation omitted).

Because Plaintiff has previously been granted leave to amend and his second amended complaint states only a cognizable excessive force claim, the Court finds that Plaintiff cannot cure his pleadings and, thus, that further leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.    This action proceed only on Plaintiff's excessive force claim against Defendants Haddad, Alafa, Chavez, Figueroa, Gonzalez, Flores, Castellon, Rosales, and Escobedo; and

2.    All other claims and Defendants be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights

///

///

///

6

on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge